Fremont-Smith, J.
After hearing, plaintiffs motion for summary judgment is denied.
Atlantic Savings Bank v. Metropolitan Bank, 9 Mass.App.Ct. 286 (1980), holds that a subsequent mortgage subordinates a prior homestead to the mortgage lien, id., 288, but does not hold that such a mortgage extinguishes the homestead as to all subsequent creditors. M.G.L.c. 188, §7 provides that “an estate of homestead created under §2 may be terminated during a lifetime of the owner by either of the following methods: — (1) a deed conveying the properly in which an estate of homestead exists ... which does not specifically reserve said estate of homestead; or by (2) a release of the estate of the homestead ...” The statute does not, however, state that a mortgage is to be deemed the equivalent of “a deed,” for this purpose.
To construe this language to extinguish a homestead vis a vis other than the mortgagee would effectively eliminate homestead protection as to all other subsequent creditors each time a homeowner refinanced or otherwise gave a mortgage on property. It is not reasonable to conclude that the legislature, by enacting Chapter 188, §7, intended such a drastic result, and Atlantic Savings Bank does not so hold.